UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC JAMES KRUDER,

                          Plaintiff,          Case # 18-CV-1085-FPG

v.                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

## INTRODUCTION

On June 6, 2014, Plaintiff Eric James Kruder protectively applied for Disability Insurance Benefits under Title II of the Social Security Act. Tr.[1] 118-24. After the Social Security Administration ("SSA") denied his claim, Kruder testified at a hearing before Administrative Law Judge Eric L. Glazer ("the ALJ"). Tr. 33-56. On July 25, 2017, the ALJ issued an unfavorable decision. Tr. 15-25. After the Appeals Council denied his request for review, Kruder appealed to this Court.[2] Tr. 1-6; ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 15. For the reasons that follow, Kruder's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

## LEGAL STANDARD

When it reviews a final decision of the SSA, it is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 5.

[2] The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

1

substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted).

The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## DISCUSSION

Kruder argues that the Court should remand this case because the ALJ improperly evaluated the opinion of his treating physician, Robert Erickson, M.D. ECF No. 9-1 at 9-14. Specifically, Kruder asserts that the ALJ erred by rejecting portions of Dr. Erickson's opinion without providing good reasons for doing so and by failing to obtain a page that was missing from his opinion. The Court agrees that remand is required.

**I.      Treating Physician Rule and Failure to Give Good Reasons**

An ALJ must give a treating physician's opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but he must "comprehensively set forth [his] reasons" for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) (the SSA "will always give good reasons" for the weight afforded to a treating source's opinion).

When a treating physician's opinion is not given controlling weight, an ALJ considers the following factors to determine how much weight it should receive: (1) whether the source

2

examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(1)-(6).

The ALJ determined that Kruder retained the residual functional capacity ("RFC")[3] to lift, carry, push, and pull 50 pounds occasionally and 25 pounds frequently and sit, stand, and walk for six hours total in an eight-hour workday. Tr. 18. He also determined that any time Kruder would be off task could be accommodated by normal work breaks. *Id.*

This is in stark contrast to Dr. Erickson's assessment of Kruder's functional abilities. Dr. Erickson opined that Kruder could work only two hours per day; lift only 20 pounds occasionally and five pounds frequently; and sit and stand only two-to-four hours total in an eight-hour workday. Tr. 343. He also opined that Kruder's impairments would make him off task more than 30% of an eight-hour workday. *Id.* The ALJ acknowledged this assessment and accorded it "little weight" because he found it "inconsistent with the clinical record and imaging results, in addition to physical examination observations noted by Dr. Erickson himself." Tr. 22-23. This explanation was insufficient.

Although an ALJ is entitled to discount a treating physician's opinion that he finds inconsistent with the record as a whole, he cannot simply assert that the opinion is "unsupported by the record" without further explanation. *See, e.g.*, *Maldonado v. Comm'r of Soc. Sec.*, No. 12-CV-5297 (JO), 2014 WL 537564, at *13 (E.D.N.Y. Feb. 10, 2014) (noting that these types of "general statements are not sufficiently specific to be of any use in [the district court's] effort to

---

[3] A claimant's RFC reflects his ability to perform physical or mental work activities on a sustained basis despite his impairments. 20 C.F.R. § 404.1520(e)-(f).

3

determine whether the ALJ's determination was supported by substantial evidence"). Although the ALJ cited Exhibit 12F after making this statement, that exhibit contains 25 pages of detailed and complex medical findings, and therefore it is entirely unclear which portions of those records the ALJ found to undermine Dr. Erickson's opinion.

Moreover, the ALJ found Dr. Erickson's opinion inconsistent with the clinical record and imaging results, but his "own interpretation of raw medical data does not justify rejecting a treating physician's opinion," *Jackson v. Comm'r of Soc. Sec.*, No. 17-CV-6252-FPG, 2018 WL 4346593, at *7 (W.D.N.Y. Sept. 12, 2018) (citation omitted), and he "cannot arbitrarily substitute his own judgment for competent medical opinion." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (citations omitted); *see also Smith v. Colvin*, 218 F. Supp. 3d 168, 174 (E.D.N.Y. 2016) (the ALJ improperly "relied on his own lay critique of the record evidence" when he rejected the treating physician's opinion). Accordingly, remand is required because the ALJ failed to provide the requisite good reasons for rejecting Dr. Erickson's opinion.

## II. Missing Opinion and Failure to Develop the Record

Dr. Erickson also opined that Kruder's symptoms and resulting functional limitations would increase if he worked full-time because he would be unable to lift, bend, twist, sit, or stand for any extended period of time. Tr. 344. Furthermore, he indicated that Kruder's impairments are likely to cause "good" and "bad" days and that, as a result, Kruder is likely to be absent from work more than four days per month. *Id.*

But the ALJ did not consider this evidence because it was not before him, an issue that the Commissioner concedes in his motion. ECF No. 15-1 at 16. This mistake is also apparent from the ALJ's decision—in evaluating the first page of Dr. Erickson's opinion, he noted that it was "an unsigned functional capacity assessment that appears to have been completed by . . . Dr. Erickson."

4

Tr. 22. This is because the second, signed page of the opinion was missing and therefore the ALJ did not consider Dr. Erickson's opinion in its entirety.

This is problematic because "[t]he ALJ has an affirmative duty to develop the administrative record due to the non-adversarial nature of a benefits proceeding." *Calhoun v. Comm'r of Soc. Sec.*, No. 18-CV-6070-FPG, 2019 WL 1949743, at *3 (W.D.N.Y. May 2, 2019) (quotation mark and citation omitted); *see also Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011) ("The duty of the ALJ, unlike that of a judge at trial, is to investigate and develop the facts and develop the arguments both for and against the granting of benefits."). This duty requires the ALJ to "affirmatively to seek out additional evidence where there are obvious gaps in the administrative record" and to "obtain complete reports from medical sources." *Coppola v. Berryhill*, No. 18 CIV. 599 (HBP), 2019 WL 1292848, at *19 (S.D.N.Y. Mar. 21, 2019) (quotation marks and alterations omitted) (collecting cases).

Accordingly, the ALJ was obligated to obtain and analyze Dr. Erickson's complete report, and his failure to do so requires remand. *Id.* ("Upon receiving a partial copy of her report, the ALJ had a duty to obtain a complete copy and to address her findings with respect to plaintiff's impairments in his decision. His failure to do so requires that the case be remanded and the error be corrected.").

Despite the Commissioner's assertion to the contrary, the above errors are harmful to Kruder. First, the ALJ summarily rejected Dr. Erickson's opinion without good reasons and gave "significant" weight to the only other medical opinion, which was rendered by a consultative examiner. This was improper because a treating physician's opinion "is generally entitled to 'more weight' than the opinions of non-treating and non-examining sources." *Hamm v. Colvin*, No. 16CV936(DF), 2017 WL 1322203, at *17 (S.D.N.Y. Mar. 29, 2017) (citations omitted); *see also*

5

20 C.F.R. § 404.1527(c)(2). Rather, a consultative examiner's opinion is generally entitled to "little weight," because their examinations "are often brief, are generally performed without benefit or review of the claimant's medical history, and, at best, only give a glimpse of the claimant on a single day." *Hamm*, 2017 WL 1322203, at *17 (citation omitted).

Second, the ALJ denied Kruder's claim in part because the record demonstrated "few physician-imposed limitations or statements supporting disability." Tr. 20. But the missing page of Dr. Erickson's opinion supported Kruder's disability claim, because he indicated Kruder would miss work four days per month, a level of absenteeism that would render him unemployable.[4]

Kruder is entitled to proper consideration of Dr. Erickson's entire opinion and, if appropriate, good reasons why it must be rejected. Accordingly, the Court remands this matter for further administrative proceedings.

## CONCLUSION

Kruder's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000). The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 16, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[4] Although there was no vocational expert testimony in this case, such testimony routinely reveals that an individual is unemployable if he will miss more than one day of work per month. *See, e.g.*, *Palmer v. Berryhill*, No. 16-CV-822-FPG, 2018 WL 797281, at *3 (W.D.N.Y. Feb. 9, 2018); *Trankle v. Berryhill*, No. 16-CV-846-FPG, 2017 WL 5988046, at *7 (W.D.N.Y. Dec. 4, 2017); *McDonald v. Berryhill*, No. 16-CV-926-FPG, 2017 WL 5712304, at *6 (W.D.N.Y. Nov. 28, 2017).